UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN CONRAD CHEEKS,

    *Plaintiff*,

v.

D.C. OFFICE OF LOTTERY & GAMING, *et al.*,

    *Defendants*.

No. 25-cv-01634 (DLF)

## ORDER

John Cheeks brings this action against the D.C. Office of Lottery and Gaming; various offices of the District of Columbia; Taoti Enterprises, Inc.; the Multistate Lottery Association; and Intralot, Inc.[1]  *See* Am. Compl. 2–4, Dkt. 3.  Before the Court are the defendants' Motions to Dismiss.  Dkts. 9, 11, 12, and 17.  For the following reasons, the Court will grant the motions.

Under Rule 12(b)(1), a party may move to dismiss a claim over which the court lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion for dismissal under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Thus, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

---

[1] The plaintiff's amended complaint also lists as a defendant the North American Association of State and Provincial Lotteries.  Am. Compl. 4.  But there is no proof of service filed for this defendant, and it has not entered an appearance.

"When ruling on a Rule 12(b)(1) motion, the court must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Han v. Lynch*, 223 F.Supp.3d 95, 103 (D.D.C. 2016) (citation modified). Those factual allegations, however, receive "closer scrutiny" than they would in the Rule 12(b)(6) context. *Id.* Also, unlike when evaluating a Rule 12(b)(6) motion, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction. *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). If the court determines that it lacks jurisdiction, the court must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Cheeks alleges that the defendants committed fraud. Am. Compl. 5. According to his complaint, he bought a lottery ticket in the District of Columbia. *Id.* The defendants then published the winning numbers for the lottery's jackpot grand prize, which was approximately $320 million, on a website. *Id.* The published numbers matched the numbers on Cheeks's ticket. *Id.* The numbers appeared on the website for three days, after which they were removed. *See id.* The defendants later told Cheeks that they had "made a mistake" when publishing the winning numbers. *Id.* Based on these events, Cheeks seeks over $320 million in damages for "Lottery Fraud," in addition to interest and punitive damages for unjust enrichment. *Id.*

Cheeks's *pro se* complaint appears to allege two bases for jurisdiction. First, he checks the box for "Federal question" on his complaint and civil cover sheet. Am. Compl. 6; Civil Cover Sheet 1, Dkt. 1-1. Federal question jurisdiction arises when civil actions raise claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cheeks fails to identify a federal claim in his complaint and leaves blank the space asking him to "[l]ist the specific federal statutes, federal treaties, and / or provisions of the United States Constitution that are at

issue in this case." Am. Compl. 6. Instead, his complaint recites state common law claims alleging fraud and unjust enrichment. Accordingly, his complaint does not raise a federal question.[2]

Cheeks alleges diversity jurisdiction as well by filling out citizenship information for himself and for one of the defendants under the heading "If the Basis for the Jurisdiction is Diversity of Citizenship." Am. Compl. 6; *see also* Civil Cover Sheet 1. For diversity jurisdiction to be proper under 28 U.S.C. § 1332, "there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citations omitted). According to the complaint, the plaintiff is a citizen of Washington, D.C., Am. Compl. 7, and so is at least one defendant, *id.* at 5. Accordingly, there is no complete diversity, and jurisdiction under § 1332 would be improper.

For the foregoing reasons, it is

**ORDERED** that the defendants' Motions to Dismiss, Dkts. 9, 11, 12, and 17, are **GRANTED**. The plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that all other pending motions are **DISMISSED AS MOOT**.

This is a final appealable order. The Clerk of Court is directed to close this case.

**SO ORDERED.**

*[signature: Dabney L. Friedrich]*

DABNEY L. FRIEDRICH
United States District Judge

December 9, 2025

---

[2] In one of his four opposition briefs, Cheeks attempts to add a claim that the defendants violated his rights under the U.S. Constitution. *See* Pl.'s Opp'n. to Mot. to Dismiss Filed by the D.C. Defs. 4–6, Dkt. 26. These allegations do not appear in either of Cheeks's complaints, *see generally* Compl., Dkt 1.; Am. Compl., Cheeks has not moved to further amend his complaint to add a federal law claim, and "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Hawkins v. Washington Metro. Area Transit Auth.*, 311 F. Supp. 3d 94, 109 (D.D.C. 2018) (citation omitted).